UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-186-KSF

BUTCHIE D. NANTZ                                                                              PLAINTIFF

v.                                        **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

The plaintiff, Butchie D. Nantz, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI") based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Nantz filed his claim for SSI on January 18, 2000, alleging an onset date of May 15, 1999. After a hearing, the administrative law judge ("ALJ") issued an unfavorable decision on March 7, 2000, on reconsideration on May 11, 2000 and ultimately denied November 29, 2001. Nantz filed a complaint with the United States District Court for the Eastern District of Kentucky on April 16, 2002. The court remanded the hearing decision on March 12, 2003, ordering the ALJ to consider the opinion of Nantz's treating physician, Dr. Jean Sullivan. The Appeals Council assumed jurisdiction and remanded the case to resolve the issues related to the court's remand. Another administrative hearing was held December 4, 2006, and the ALJ issued an unfavorable decision on December 18, 2006. The Appeals Council denied Nantz's request for review on May 9, 2007.

Nantz has exhausted his administrative remedies and filed a timely action with this court. The case is now ripe for review under 42 U.S.C. § 405(g).

At the time the ALJ rendered his decision, Nantz was 52 years old. [TR 229] He was 45 years old at the time of the alleged onset date. [TR 231]. Nantz attended and graduated from high school. [TR 229] He has past relevant work experience as a welder/mechanic. [TR 229]. Nantz alleges that he is disabled because of nerves, back pain, breathing problems and arm and leg numbness. [TR 229].

In support of his application for SSI benefits, Nantz points to the records of Dr. Sullivan and the psychiatric evaluation of Dr. Phillip S. Backus performed on May 17, 2000. Dr. Backus diagnosed generalized anxiety, major depression, 30-year history of scoliosis with surgical intervention, severe chronic pain syndrome and a GAF of 40. Dr. Backus found Nantz unable to tolerate the stress of work activity sufficient to maintain attention for even simple repetitive tasks or to understand or follow directions. [TR 177]

On April 19, 2001, Gary W. Maryman, Psy.D. also evaluated Nantz at the referral of the Appeals Council. [TR 203] Dr. Maryman diagnosed Nantz with alcohol dependence in remission, borderline intellectual functioning with a GAF of 64. Dr. Maryman noted that Nantz would appear to be precluded from a complex and sophisticated job assignment but should be reasonably able to understand a simple one to two-step instruction and task and that he should be reasonably able to maintain his focus and concentration sufficiently to complete and carry out a work assignment. [TR 206]

## II.    OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security

Act, the regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

> (1) If the claimant is currently engaged in substantial gainful activity, he is not disabled.
>
> (2) If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.
>
> (3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> (4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.
>
> (5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v.*

3

*Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.  THE ADMINISTRATIVE DECISION

The ALJ began his analysis at step one determining that Nantz has not engaged in any substantial gainful activity since the alleged onset date. [TR 228] At step two, the ALJ found that Nantz suffers from severe impairments of chronic low back pain secondary to degenerative disc disease of the lumbar spine, asthma, chronic obstructive pulmonary disease, borderline intellectual functioning, alcohol dependence in remission by history and mild scoliosis of the lumbar spine [TR 228] which have continued for a period of more than 12 months. Continuing on to the third step, the ALJ determined that Nantz's impairments do not meet nor medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Continuing on to the fourth step, the

ALJ determined that the impairments prevent Nantz from performing his past relevant work.

At the fifth and final step, relying on the testimony of the Vocational Expert and taking into consideration Nantz's age, educational background, past relevant work experience and residual functional capacity ("RFC"), the ALJ found Nantz was capable of making a successful adjustment to work existing in significant numbers in the national economy and on this basis denied his claim for SSI. [TR 231] An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1). In this case, the ALJ found that Nantz has the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently or light and sedentary exertional work. The ALJ also found that Nantz requires a sit/stand option with no prolonged standing or walking in excess of 30 to 45 minutes without interruption, no climbing of ropes, ladders or scaffolds and no exposure to concentrated dust, gases, fumes, smoke, temperature extremes or excess humidity. Further, the ALJ noted that Nantz requires simple, entry level work with one-two-three-step procedures, no frequent changes to work routines, no requirement for detailed or complex problem solving, independent planning or setting goals and that he should work primarily with objects as opposed to people with only occasional interaction with the general public. [TR 229]

Based on the RFC, the ALJ found Nantz is unable to return to his past relevant work. [TR 230] Considering the testimony of the vocational expert, the ALJ found that Nantz is capable of making a vocational adjustment to other work. The ALJ noted that under the Medical-Vocational Guidelines, if Nantz were capable of performing a full range of light work, a finding of "not disabled" would be mandated. However, because his ability to perform a full range of light work is limited by some exertional limitations, the ALJ relied on the testimony of the Vocational Expert

who testified that given Nantz's age, education, past relevant work experience and RFC, Nantz maintains the capacity for light sedentary and sedentary exertional levels that exists in a significant number in the economy. [TR 231] Consequently, the ALJ determined that Nantz was not disabled within the meaning of the Social Security Act. [TR 232]

Nantz argues that the ALJ failed to accord the appropriate weight to his treating physician, Dr. Sullivan. Generally, the ALJ should give controlling weight to a disability opinion by a treating physician if it is well-supported by clinical and laboratory findings and is consistent with other evidence. The ALJ may consider the length and nature of the treating relationship, the supportability of the opinion, consistency, specialization, and any other factors that may be appropriate. *See* 20 C.F.R. § 416.927(d)(2)(2007). The supportability of the opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings. *See* 20 C.F.R. § 416.927(d)(3)(2007); *see also Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711-712 (6th Cir. 1988). The Sixth Circuit has held that a treating physician's opinion may be "undercut, to a degree, by the absence of underlying objective findings or corroborative clinical evidence." *Sias v. Secretary of Health and Human Services*, 861 F.2d 475, 479 (6th Cir. 1988).

The record reflects that Dr. Sullivan saw Nantz on two occasions - January 11, 2001 and September 27, 2001. On the second visit, Dr. Sullivan noted straight leg raising, bilaterally at 70 degrees, mild thoracic scoliosis but normal range of motion. [TR 229] Dr. Sullivan is a family practitioner who stated that Nantz has physical work-related limitations, including being limited to standing and/or walking less than two hours in an eight-hour workday.

Based on the above evidence and the state of the record, the court must determine whether

the ALJ afforded the appropriate weight to the opinion of Dr. Sullivan. According to the Sixth Circuit, the ALJ is not required to give controlling weight to the opinion of a treating physician when the opinion is not supported by objective medical evidence or when it is inconsistent with the record - provided that the ALJ gives "good reasons" in his decision for not crediting the opinion. *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004); *see also* 20 C.F.R. § 404.1527(d)(2).

When there are variances in the medical opinions in the administrative record, it is the duty of the ALJ to resolve these conflicts in evidence and assess the claimant's residual functional capacity. *See* 20 C.F.R. §§ 416.927(e), 416.946. The ALJ must consider not only the medical opinions, but also the other evidence presented. *Id.* The ALJ appropriately considered the findings of Dr. Sullivan. The ALJ decision shows that he thoroughly evaluated Dr. Sullivan's treatment record and that the ALJ, after discussing Dr. Sullivan's opinion, properly declined to accord the opinion controlling weight and articulated specific and good reasons for doing so. Specifically, the ALJ indicated that the restrictions were not substantiated by the objective medical evidence. [TR 230] Further, as the ALJ pointed out, Nantz's activities of daily living invalidated Dr. Sullivan's statement of physical limitations. [TR 230] The ALJ complied with the remand order as well as the regulations, and the record, taken as a whole, supports the ALJ's findings that Nantz can perform light work as restricted in the decision.

Nantz also argues that the ALJ erred in rejecting Dr. Backus's opinion in favor of that of Dr. Maryman. Dr. Backus was a one-time consultative examiner, not a treating physician with a long-standing relationship with Nantz. Thus, his opinion is not entitled to the controlling weight normally according to a treating physician.

The ALJ relied on the state agency mental health expert, Dr. Maryman, who opined that Nantz does not have any significant impairments relating to psychological issues. [TR206] The ALJ is entitled to accept the opinions of the State Agency medical experts where a contrary medical opinion is not supported by objective medical evidence. *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 686 (6th Cir. 1992). The regulations specifically provide that "[s]tate agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 416.927(f)(2)(I).

X.   **CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that the decision of the Commissioner is **AFFIRMED** as it was supported by substantial evidence and was decided by proper legal standards.

This the 6th day of June, 2008.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge